**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| SUHDI ABDALLA, | : | **CIV. NO. 18-17077 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| DR. DEO *et al.*, | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Suhdi Abdalla, a prisoner presently confined in South Woods State Prison in Bridgeton, New Jersey, brings this civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which establishes his financial eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915. The Court will grant Plaintiff's IFP application.

Federal Rule of Civil Procedure 11(a) provides: "Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Plaintiff failed to sign his Complaint. (See Compl., ECF No. 1 at 10.) The Court will therefore administratively terminate this action. Plaintiff may reopen this matter if he timely submits a signed complaint. For Plaintiff's benefit, the Court will prescreen the Complaint

under 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1).

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons stated below, the present, unsigned Complaint fails to state a claim under 42 U.S.C. § 1983.[1]

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id.

---

[1] A district court may warn a pro se plaintiff that if he/she elects to proceed after Court grants *in forma pauperis* status, that complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B) unless it is amended to cure the deficiencies. Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. 2013).

(internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at

679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). Dr. Bill is an Ophthalmologist employed by East Jersey State Prison. (Compl., ¶4(b)). In October 2016, Dr. Bill prescribed Bromonidine eye drops to Plaintiff. (Id., ¶6.) The Bromonidine drops caused Plaintiff more pain than he suffered prior to treatment with the eye drops. (Id.) Dr. Bill ignored Plaintiff's complaints of pain and loss of vision and insisted it would take time for the medication to correct the problem. (Id.) Dr. Bill never tested Plaintiff's eyes for glaucoma or any other problem. (Id.) The Bromonidine created a hole in Plaintiff's right eye and caused him to lose his sight in that eye. (Id.)

Plaintiff complained to Nurse Practitioner Mills of blurry vision and watery eyes. (Compl., ECF No. 1, ¶6.) As a result of

4

these complaints, in May 2017, Plaintiff saw Dr. Deo, an ophthalmologist at South Woods State Prison. (Compl., ECF No. 1, ¶¶4c, 6.) Plaintiff told Dr. Deo that he suffered from pain and loss of vision. (Id., ¶6.) Dr. Deo did not believe anything was wrong and directed Plaintiff to continue with the treatment for glaucoma prescribed by Dr. Bill. (Id.) Dr. Deo did not test Plaintiff for glaucoma. (Id.)

After many unsuccessful months of treatment, Plaintiff was approved to see a specialist, Dr. Marco Zarbin at University Hospital of Newark. (Compl., ECF No. 1, ¶¶4d, 6.) On October 23, 2017, Dr. Zarbin told Plaintiff to stop all use of Bromonidine because Plaintiff does not have glaucoma. (Id.) The Bromonidine caused Plaintiff's "retina to be turned onto itself away from the hole that had been created." (Id.) Between October 23, 2017 and March 10, 2018, Dr. Zarbin assessed Plaintiff for surgical repair of his eye. (Id.) On October 10, 2018, Dr. Zarbin confirmed that surgical repair was not an option. (Id.) Plaintiff is blind in one eye and is suffering similar symptoms in the other eye. (Id.)

Plaintiff states:

> I include Dr. Zarbin in this action because he is in charge of the other doctors and failed to train them in proper procedures for evaluating a patient's needs upon examination. At no time did anyone other than him test to verify I had glaucoma, or exactly what was

5

>           causing my problems now I am blind in one eye
>           and failing sight in the other.

(Compl., ¶4d.)

Plaintiff has also named Dr. R. Woodard, Medical Director for the New Jersey Department of Corrections, as a defendant in this action. (Id., ¶4e.) Plaintiff alleges Dr. Woodard is responsible for training each doctor in the employment of NJDOC in the proper procedures for evaluating a patient's symptoms. (Id.) Plaintiff asserts "it was obvious that Dr. Bill of Rahway and Dr. Deo of South Woods were not aware of nor cognizant of the proper procedures to be used for a patient experiencing the symptoms I tried to explain to them." (Id.) Plaintiff alleges that Dr. Woodard's failure to train caused the misdiagnosis and mistreatment that resulted in Plaintiff's eye injuries. (Id.)

Plaintiff further seeks to hold Dr. Hesham Soliman liable for his injuries. (Compl., ECF No. 1, ¶4f.) Plaintiff alleges Dr. Soliman is the Director of Health Services Unit, NJDOC, and it is his responsibility to

>           assure that each of the doctors in the
>           employment of NJDOC are following the policies
>           and procedures for addressing the different
>           symptoms that may be encountered, and that
>           they are sufficiently qualified in
>           administering proper techniques required to
>           accomplish their job.
>
>           . . .

> The loss of my vision was preventable, had proper procedures been in place and followed. This failure is the responsibility of Dr. Soliman and those required to train those in the employ of the department of corrections health services.

(Compl., ECF No. 1, ¶4f.) Plaintiff asserts that a properly trained doctor would have tested him for glaucoma before prescribing Bromonidine. (Id.)

B. Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

1. Eighth Amendment Inadequate Medical Care Claims

Plaintiff alleges the defendants violated the Eighth Amendment by intentionally denying him necessary medical care. (Comp., ECF No. 1, ¶6.) "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 10 (1976) (quoting Gregg v. Georgia, 428 U.S. 153 (1976)). Allegations of malpractice or disagreement as to the proper medical treatment are insufficient to establish a constitutional violation. Id.

Deliberate indifference to serious medical needs in violation of the Eighth Amendment's ban on cruel and unusual punishment may be shown where a medical professional intentionally inflicts pain on a prisoner or where a prison authority denies a reasonable request for medical treatment, exposing an inmate to undue suffering or threat of tangible residual injury or "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care.'" Spruill, 372 F.3d at 235 (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985) (alterations in original)). A serious medical need is "one that has been diagnosed by a physician as requiring

8

treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth Cty. Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

Plaintiff's claims against Dr. Bill and Dr. Deo are that they misdiagnosed his eye symptoms and that Plaintiff disagrees with their prescription of Bromonidine for medical treatment. Such claims are of negligence and do not rise to the level of deliberate indifference to serious medical needs. <u>See</u> <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999) ("claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'")

Upon conclusive screening, after Plaintiff submits a signed complaint, the Court would dismiss these Eighth Amendment claims for failure to state a claim pursuant to 28 U.S.C. §§1915(a); 1915A and 42 U.S.C. § 1997e(c)(1). Negligence claims arise under state law and should be brought in state court unless there is a basis for federal court jurisdiction. If Plaintiff can allege additional facts that establish an Eighth Amendment claim, he may do so in an amended complaint.

    2.    Liability of a supervisory defendant under § 1983

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of" liability of an employer for the acts of an employee. <u>Iqbal</u>, 556

9

U.S. at 676. "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "The factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue." Id. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 677.

In Barkes, the Third Circuit identified two instances where a supervisory defendant may be liable for unconstitutional acts undertaken by subordinates: (1) where the supervisor personally joined the subordinate in violating a plaintiff's rights, directed others to violate the plaintiff's rights or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct; and (2) where a supervisor "with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused [the] constitutional harm." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316-19 (3d Cir. 2017), rev'd on other grounds, Taylor v. Barkes, 135 S.Ct. 2042 (2015) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting Stoneking v. Bradford Area Sch.

Dist., 882 F.2d 720, 725 (3d Cir. 1989)). Failure to train and failure to supervise claims are a subcategory of policy or practice liability. Barkes, 766 F.3d at 316.

To hold a supervisor liable based on a policy or practice that led to an Eighth Amendment violation,

> the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

Beers-Capitol [v. Whetzel], 256 F.3d 120, 134 (3d Cir. 2001) (quoting Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). Failure to train, discipline, and supervise are assessed under the same deliberate indifference standard as the failure to promulgate adequate policies. Christopher v. Nestlerode, 240 F. App'x 481, 489 n. 6 (3d Cir. 2007). To establish deliberate indifference for failure to train, a plaintiff must show that policymakers were on actual or constructive notice that flaws in their training or supervision caused subordinates to violate citizens' constitutional rights, and such notice generally requires contemporaneous knowledge of an incident or knowledge of a prior pattern of similar incidents and circumstances. Connick v. Thompson, 563 U.S. 51, 61 (2011).

Plaintiff seeks to hold Dr. Zarbin, Dr. R. Woodard and Dr. Soliman liable for failing to train Dr. Bill and Dr. Deo in evaluating the type of symptoms Plaintiff suffered. However, Plaintiff cannot show that the supervisory defendants' failure to train their subordinates caused a constitutional violation because Plaintiff has not alleged a constitutional violation by Dr. Bill and Dr. Deo. After Plaintiff submits a signed complaint, the Court would dismiss these Eighth Amendment claims against Dr. Zarbin, Dr. Woodard and Dr. Soliman for failure to state a claim pursuant to 28 U.S.C. §§ 1915(a); 1915A and 42 U.S.C. § 1997e(c)(1). If Plaintiff can allege additional facts that establish an Eighth Amendment claim against the supervisory defendants, he may do so in an amended complaint.

III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application but administratively terminate this action because Plaintiff failed to sign his Complaint. Plaintiff will be permitted to reopen this matter by submitting a signed complaint, and he will be permitted, if he chooses, to allege additional facts in his amended complaint in support of a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs.

An appropriate Order follows.

DATE: March 25, 2019

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**